IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ATX INNOVATION, INC. d/b/a TABBEDOUT, | § § § | |
| Plaintiff, | § § | |
| V. | § § | 1-15-CV-895 RP |
| VELOCITY MOBILE LIMITED and ARI HOROWITZ, | § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court are Defendants' Motion to Dismiss, Transfer or Stay, filed November 30, 2015 (Clerk's Dkt. #30) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiff ATX Innovation, Inc. d/b/a TabbedOut ("TabbedOut") filed this action in Texas state court on October 6, 2015 against Defendants Velocity Mobile Limited ("Velocity") and Ari Horowitz ("Horowitz"). Defendants removed the case to this court on October 8, 2015.

Horowitz was employed by TabbedOut as an Executive Vice President. TabbedOut alleges Horowitz was terminated for cause in April 2015 due to his refusal to sign a proprietary rights agreement that all TabbedOut employees are required to sign. According to TabbedOut, after he was fired, Horowitz started working for Velocity, which is a direct competitor of TabbedOut. TabbedOut alleges Horowitz took TabbedOut property with him, including two tablet computers and hundreds of electronic files containing proprietary information. TabbedOut also alleges Horowitz is trying to recruit TabbedOut's employees even though all TabbedOut employees entered into non-compete agreements. TabbedOut asserts causes of action for: (1) violation of the Texas Theft Liability Act; and (2) tortious interference with contract.

Defendants have now filed a motion seeking to dismiss this action, arguing this Court lacks personal jurisdiction over them and also that Plaintiff has failed to state a claim for relief against them.  Alternatively, Defendants seek to dismiss, transfer or stay this action in favor of an action pending in New York federal court because the claims raised are compulsory counterclaims to that action and also because the New York action was filed prior to this action.  Finally, Defendants argue this case should be transferred to New York because venue is improper in this Court.  The parties have filed responsive pleadings and the matter is now ripe for review.  As jurisdiction is a threshold issue, the Court will address that issue first.

## II.  PERSONAL JURISDICTION

The parties do not dispute that neither Horowitz nor Velocity is a resident of Texas.  Both defendants maintain, as non-residents, they are not subject to personal jurisdiction in Texas.  Plaintiff, however, disagrees.

**A.     Applicable Law**

A court must consider both constitutional issues as well as the applicable statutes in resolving the issue of personal jurisdiction.  Thus, the Court must consider whether: (1) the Texas long-arm statute creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.  *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).  The Texas long-arm statute, which authorizes the exercise of jurisdiction over a nonresident defendant who does business in Texas, extends to the limits of due process.  *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 716 (5th Cir. 1999); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).  Accordingly, only the due process prong of the inquiry must be addressed.  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

Due process for jurisdictional purposes consists of two elements.  First, the defendant must

have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945); *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994). These "minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (jurisdiction appropriate where activities "purposefully directed" at residents of forum state and litigation arises out of or relates to those activities); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

If a nonresident defendant has sufficient minimum contacts with the forum state, the court must then consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987); *Wilson,* 20 F.3d at 647. This inquiry focuses on several factors, including: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the interest of the plaintiff in securing relief; (4) the interest of the judicial system in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal,* 480 U.S. at 113, 107 S. Ct. at 1033; *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 630 (5th Cir. 1999). The plaintiff bears the burden of alleging facts in the complaint and affidavits sufficient to establish personal jurisdiction over a nonresident defendant. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *Caldwell v. Palmetto State Savs. Bank*, 811 F.2d 916, 917 (5th Cir. 1987).

**B.     Discussion**

Horowitz and Velocity maintain, as non-residents, they lack sufficient contacts with Texas to subject them to either general or specific personal jurisdiction here.  Plaintiff contends Defendants' challenge to jurisdiction fails both because Defendants have waived any challenge to jurisdiction by their prior conduct in this suit, and because Defendants have sufficient contacts with Texas to subject them to specific personal jurisdiction.

As to waiver, TabbedOut points to the fact that Defendants agreed to the Stipulation and Consent Order Resolving Preliminary Injunction Motion, entered by the Court on November 2, 2015.  TabbedOut contends that conduct is sufficient to waive Defendants' objection to personal jurisdiction.

TabbedOut is correct that "a party may waive any jurisdictional objections if its conduct does not reflect a continuing objection to the power of the court to act over the defendant's person." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 (5th Cir. 2001) (internal quotation admitted).  However, the Stipulation cited by TabbedOut clearly states the agreement contained therein is "without waiver of any claims, defenses, or arguments that may be available to any party. (Stipulation at 2).  This language forestalls TabbedOut's assertion of waiver by conduct.

As to specific jurisdiction, the Fifth Circuit has adopted a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).  The

plaintiff bears the burden initially to make a prima facie showing of the facts on which jurisdiction is predicated. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 342-43 (5th Cir. 2004). The court may consider the contents of the record, including affidavits or other recognized methods of discovery, in deciding whether to exercise specific jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court must accept plaintiff's non-conclusory, uncontroverted allegations as true, and resolve conflicts between the facts contained in the parties' affidavits in plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). When personal jurisdiction is based on specific jurisdiction, the plaintiff must establish personal jurisdiction over each claim asserted. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *Seiferth*, 472 F.3d at 274–75 (same).

In its original state court petition, TabbedOut alleges that on October 3, 2015, Horowitz sent a text message to Benjamin Carolan ("Carolan"), TabbedOut's current Vice President, while Carolan was in Austin, Texas. Carolan responded, and through an exchange of text messages, set up a time to speak with Horowitz later that day. Plaintiff alleges Carolan spoke with Horowitz that day, and during that call, Horowitz indicated Velocity was interested in hiring Carolan and George Zirkel ("Zirkel"), TabbedOut's Chief Revenue Officer. (Orig. Pet. ¶¶ 27-32).

According to TabbedOut, this single phone call is sufficient to subject Horowitz, and Velocity because Horowitz was acting on its behalf, to specific jurisdiction in Texas as to the claim for tortious interference with contract. "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." *Wien*, 195 F.3d at 213. Thus, "a single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Accordingly, the Fifth Circuit has held that a phone call directed at the forum state, in which the defendant allegedly lied to the plaintiff about his ownership of

5

certain property, was a sufficient contact to subject the defendant to personal jurisdiction in a suit asserting fraud in the transfer of that property. *Lewis*, 252 F.3d at 359 (recognizing specific jurisdiction over president of defendant corporation as to plaintiff's fraud claim where president "deliberately misled" plaintiff in order to get money needed to keep corporation "afloat"). *See also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 794-95 (5th Cir. 2007) (specific personal jurisdiction established over non-resident corporate officer who created and sent allegedly fraudulent marketing materials to plaintiff in forum state); *Brown v. Flowers Indus.*, 688 F.2d 328, 332-33 (5th Cir. 1982) (single telephone call initiated by defendant sufficient to confer personal jurisdiction over state law tort claim).

While TabbedOut is correct in contending that a single communication may suffice to establish minimum contacts, the contention falls short in the circumstances of this case. In asserting its claim for tortious interference with contract, TabbedOut alleges Defendants not only encouraged Carolan to terminate his contract with TabbedOut, but also deliberately and willfully interfered with the contracts between TabbedOut and other current and former employees. (Orig. Pet. ¶¶ 48-50). Specifically, TabbedOut asserts Horowitz solicited the services of Zirkel via an email dated May 6, 2015, and also offered a position to former TabbedOut employee Domenic Mediate ("Mediate") in August 2015, despite being aware that both men were subject to non-competition agreements with TabbedOut. (*Id*. ¶¶ 24-25). Further, in laying out the factual basis of this suit in its response to the motion to dismiss, TabbedOut reiterates its contention that Horowitz began recruiting TabbedOut's employees by contacting Zirkel and Mediate. (Plf. Resp. at 5-6)

In sum, TabbedOut's original pleading, and response to the motion to dismiss, both make clear that TabbedOut's claim of tortious interference with contract is not based solely on Horowitz's call to Carolan. TabbedOut is correct that the Fifth Circuit has stated that "[a] single act . . . directed toward Texas that *gives rise* to a cause of action . . . can support a finding of minimum

contacts." *Wien*, 195 F.3d at 213 (emphasis added). But in this case it is clear that the single act did not "give rise" to the claim for tortious interference with contract. Rather, TabbedOut alleges a course of conduct on the part of Horowitz as the basis for the claim. Accordingly, the Court finds TabbedOut has failed to establish sufficient minimum contacts as to its claim for tortious interference with contract.

TabbedOut also asserts there are sufficient contacts to subject Defendants to personal jurisdiction in regards to its claim under the Texas Theft Liability Act ("TTLA"). In pertinent part, TabbedOut alleges that Horowitz took personal property from TabbedOut following the termination of his employment. Specifically, TabbedOut alleges Horowitz took two tablet computers and also took electronic documents that were the property of TabbedOut by retaining sole access to the documents via the computers and a "Dropbox account." (Orig. Pet. ¶¶ 21-22).

According to Horowitz, he purchased the two table computers in New York, using his personal credit cards, for which TabbedOut reimbursed him. He also states he used those devices in New York. (Def. Mot. to Dism. Ex. 2 Decl. of Horowitz ¶ 7). Horowitz further states he opened the Dropbox account as a personal account in New York, and then later permitted TabbedOut to use it in order to facilitate his work once hired. (*Id*. ¶ 8). In addition, he notes TabbedOut also describes the account as "his." (Orig. Pet. ¶ 21).

TabbedOut nonetheless maintains the theft "was directed to and occurred in Texas, as intended by Horowitz." (Plf. Resp. at 19). TabbedOut points out that it reimbursed Horowitz for the computers and Dropbox account, and that Horowitz knew TabbedOut's Texas-based employees used the account. TabbedOut correctly notes "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *Guidry*, 188 F.3d at 628. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) ("effects" jurisdiction premised on idea that act

done outside state that has consequences or effects within state can suffice as basis for personal jurisdiction if effects are seriously harmful and were intended or highly likely to follow from nonresident defendant's conduct).  TabbedOut maintains Horowitz's retention of the tablets, and blocking access to his Dropbox account, acts concededly done by him outside of Texas, are sufficient to subject Defendants to personal jurisdiction because the effects of those acts were aimed at and felt in Texas.

The genesis of the so-called effects test is the Supreme Court's opinion in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482 (1984).  In *Calder*, a Florida-based tabloid published an allegedly libelous story about Jones, a California resident.  Jones filed a defamation action in California.  The Supreme Court held, because California was the focal point both of the story and the harm suffered, jurisdiction over defendants was proper in California based on the "effects" of their Florida conduct in California.  *Calder*, 465 U.S. at 788–89, 104 S. Ct. at 1486-87.

Although the effects test has been expanded beyond simply the defamation context to other intentional torts, it is still unavailing in this case.  The effects test is applicable "[w]hen a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state." *Guidry*, 188 F.3d at 628.  As to TabbedOut's TTLA claim, there is no allegation that Horowitz committed any wrongful act within Texas.  Rather, TabbedOut argues the acts done by Horowitz in New York caused injury to TabbedOut in Texas.  However, the Fifth Circuit has "expressly declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident." *Moncrief Oil*, 481 F.3d at 314 (citing *Panda Brandywine*, 253 F.3d at 870).  *See also McFadin*, 587 F.3d at 760 (jurisdiction must not be based on fortuity of one party residing in forum state).  Accordingly, the Court concludes TabbedOut has failed to establish Defendants are subject to personal jurisdiction in Texas for TabbedOut's TTLA claim.

Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to

Federal Rule of Civil Procedure 12(b)(2).  In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to "any district or division in which it could have been brought" if the court finds that it is "in the interest of justice" to transfer the action.  *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).  The Court will thus address the question of proper venue.

### III.  VENUE

Section 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Although the statute specifically refers to "laying venue in the wrong division or district," a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper.  *Herman*, 730 F.3d at 466 (citing *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir.1985)) (division or district may be "wrong" under Section 1406(a) when original court lacks personal jurisdiction).

Venue in this case is governed by the general venue statute codified in 28 U.S.C. §1391(b). Section 1391(b) provides, in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Horowitz lives in the Southern District of New York and is thus a resident of that district for venue purposes.  (Orig. Pet. ¶ 5).  *See* 28 U.S.C. § 1391(c)(1) (for venue purposes natural person is deemed to reside in judicial district in which person is domiciled).  Velocity is a foreign corporation with its principal place of business in the Southern District of New York. (Orig. Pet. ¶ 4).  Velocity is thus subject to suit in New York.  *See* 28 U.S.C. § 1391(c).

TabbedOut contends that a substantial part of the events or omissions giving rise to the claim occurred in Texas, and thus venue is proper here.  However, this Court has already determined in lacks personal jurisdiction over Defendants.  Venue is therefore not proper in this district. *See Herman*, 730 F.3d at 466 (district may be "wrong" under Section 1406(a) when original court lacks personal jurisdiction).

Under Section 1406(a) this court may transfer an action to "any district or division in which it could have been brought."  This action could have been brought in the Southern District of New York, given Defendants reside in that district.  28 U.S.C. § 1391(b).  The Court thus concludes this action should be transferred to the United States District Court for the Southern District of New York.

Because the Court has concluded it lacks personal jurisdiction over Defendants and this matter should be transferred to the Southern District of New York, Defendants' remaining alternative arguments need not be addressed. .

## IV.  CONCLUSION

The Court hereby **GRANTS IN PART** Defendants' Motion to Dismiss, Transfer or Stay, filed November 30, 2015 (Clerk's Dkt. #30) and **TRANSFERS** this case to the United States District Court for the Southern District of New York.

**SIGNED** on March 8, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE